UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES BALL and ANGELA BALL, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|  v. | )   CIVIL NO. 3:10cv177 |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by defendants Norfolk Southern Railway Company ("NSRC"), Professional Transportation, Inc. ("PTI"), and Maureen Aldrich ("Aldrich"), on August 30, 2011. The plaintiffs, James Ball and Angela Ball, filed their response on October 25, 2011, to which the defendants replied on November 8, 2011.

Also before the court is a motion to dismiss Count V of the complaint, filed by the defendant PTI on October 28, 2011. The plaintiffs filed their response on November 14, 2011, to which PTI replied on November 21, 2011.

For the following reasons, both the motion for summary judgment and the motion to dismiss will be granted.

Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Discussion

On May 8, 2008, plaintiff James Ball was a passenger in a van driven by PTI employee Maureen "Mo" Aldrich. While the PTI van was at the intersection of U.S. 33 and S.R. 19 in the city of Elkhart, Indiana, it was struck from behind by a vehicle driven by defendant, Ryan Konrath. James Ball claimed injuries as a result of the collision and on May 5, 2010, he filed suit along with his wife, Angela Ball, against the above named defendants. The plaintiffs' complaint asserts claims based on the Federal Employers' Liability Act ("FELA"), negligence, consortium and breach of contract. The defendants are seeking summary judgment on the FELA, negligence, and consortium claims, and are seeking to dismiss the breach of contract claim.

On May 8, 2008, James Ball was a passenger in a van driven by Maureen Aldrich. Ms. Aldrich was in the employ of PTI as she drove James Ball and another passenger, Mike Bowen, on May 8, 2008. James Ball was employed by NSRC and was within the scope of his employment. Ms. Aldrich was eastbound on U.S. 33 approaching the intersection with SR 19. The light was red for eastbound U.S. 33 and Ms. Aldrich entered a merge lane intending to head

southbound on SR 19. Entry to southbound S.R. 19 at its intersection with U.S. 33 is controlled by a yield sign. While the PTI van was at the intersection of U.S.33 and S.R. 19 in Elkhart, Indiana and yielding to oncoming traffic which was southbound on SR 19 it was struck from behind by a vehicle which was driven by Ryan Konrath. When the PTI van was struck, Ms. Aldrich was stopped and yielding to oncoming traffic as required by signage at the intersection and Indiana's traffic laws. Mike Bowen did not observe any actions by Ms. Aldrich which he would consider contrary to the rules of the road. Investigators from the Elkhart County Sheriff's Department determined that Ryan Konrath's actions in following the PTI vehicle too closely were the primary and sole cause of the accident at issue. Ryan Konrath, driving the vehicle approaching the PTI vehicle from behind, admitted that he looked away from the PTI vehicle to check for oncoming traffic and then struck the stopped PTI vehicle. Mr. Konrath verbally admitted to Ms. Aldrich that he did not see her van and also stated that the accident was his fault.

The defendants seek summary judgment because the designated evidence shows that the PTI van was stopped and yielding to oncoming traffic when it was struck behind by Ryan Konrath, who has admitted the accident was his fault.[1] In fact, the certified accident report for this matter states that Ryan Konrath was following the PTI vehicle too closely and this was the sole cause of the accident.

The plaintiffs base their case on James Ball's assertion that Ms. Aldrich made a sudden and unexpected stop which caused the accident. The plaintiffs believe the case should go to a jury so that the jury can determine whether Ms. Aldrich was partly at fault. However, the

---

[1] Defendant Ryan Konrath has never appeared in this matter despite having received service of process.

uncontroverted evidence in this case (Mr. Bowen's affidavit, the certified police report, and Ms. Aldrich's testimony) shows that Ms. Aldrich was in a yield lane with approaching traffic, that she did stop for traffic, and that Konrath was not looking when he hit the Aldrich vehicle. If a car is in a yielding merge lane, and traffic is approaching, a stop for oncoming traffic cannot be characterized as "sudden and unexpected". Clearly, a jury could not find negligence in this case as the driver merely refused to enter into an intersection thought to be unsafe. The plaintiffs have cited cases for the proposition that "negligence is not assumed in a rear-end collision." See Skinner v. Pennsylvania Greyhound Lines, Inc., 123 F.2d 497 (7th Cir. 1941); Kraklau v. Bayman, 318 F.2d 400, 402 (7th Cir. 1963). However, the case at bar is clearly distinguishable because Konrath has conceded he was solely at fault, and thus there is no need for a jury to apportion fault between the parties. As there is no genuine issue in dispute to support a negligence, FELA, or consortium claim, the motion for summary judgment will be granted.

The court will now turn to the motion to dismiss. In Count V of the complaint, James Ball asserts that he is a third-party beneficiary of the "Crew Transportation Agreement" between PTI and NSRC. The plaintiffs allege that PTI failed to provide uninsured motorist coverage to NSRC crew members as required by the Agreement. The question before the court is whether James Ball has standing to bring an action for an alleged breach of the Crew Transportation Agreement, bypassing the arbitration process that is set forth in the Agreement. James Ball claims that this issue was resolved when Magistrate Judge Nuechterlein granted plaintiffs' motion requesting leave to file the First Amended Complaint. Specifically, Judge Nuechterlein held that Count V is not futile because it states a valid theory of liability, namely, the assertion of third party rights under an insurance contract. Judge Nuechterlein further held that Jim Ball had

the right to bring a breach of contract claim against PTI because under Indiana law a third party beneficiary may sue the insurer directly to enforce a contract between the insurer and the insured.

However, as PTI points out, the contract at issue is not an insurance contract, but rather a transportation contract between PTI and NSRC. Clearly, a procedural decision to allow an amendment of a claim does not equate to a decision that the plaintiffs have stated a claim upon which relief might be granted. The contract at issue clearly states that any claim arising out of the Agreement shall be resolved by binding arbitration. The plaintiffs contend that before this court can dismiss their breach of contract claim a determination must be made that James Ball is a third-party beneficiary of the contract. However, again, the determination of duties and obligations under the contract is, per the language of the Agreement evidencing the parties' intent, reserved for the arbitrator. If the arbitrator finds that James Ball is not entitled to arbitrate the alleged breach of contract, then he may seek to institute legal proceedings to enforce the right he believes he has to arbitrate the matter, but he may not institute legal proceedings to have any duties or obligations determined related to the contract. (See Agreement at 11.3.3 stating "Neither party shall institute any legal proceeding against the other to enforce any right hereunder for breach hereof, except that either party may institute litigation (I) to enforce its rights to arbitration...."). See <u>Sauer-Getriere, K.G. v. White</u>, 715 F.2d 348 (7th Cir. 1983). Although the plaintiffs continue to rely on cases that have held that a third-party beneficiary of an insurance contract may sue an insurer directly, it is undisputed that PTI is not an insurer and thus the plaintiffs' cases are inapposite to the case at hand.

It is undisputed that at no time have the plaintiffs sought arbitration in this matter.

5

Rather, the plaintiffs assert that PTI must concede that the plaintiffs are entitled to certain rights or status in connection with the contract before arbitration may commence. However, it is the law in the Seventh Circuit that unambiguous arbitration provisions must be enforced. Clearly, had NSRC brought a breach of contract claim related to the Agreement, NSRC would be required to submit the matter to arbitration as the parties agreed, with the arbitrator then deciding the rights and obligations of the parties based on the language of the Agreement. Whether James Ball has any rights under the Agreement is a matter in dispute, but he does not have any greater contractual rights than NSRC. Therefore, if James Ball seeks to assert a breach of contract claim, the issue of his standing to bring such a claim, as well as whether any breach occurred, is a matter for arbitration. Accordingly, Count V will be dismissed.

<u>Conclusion</u>

Based on the foregoing, the motion for summary judgment [DE 40] is hereby GRANTED. Further, the motion to dismiss [DE 56] is also hereby GRANTED.

Entered: January 9, 2012.

<u>s/ William C. Lee</u>
William C. Lee, Judge
United States District Court